IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NO. WR-64,886-02






EX PARTE DANNY WAYNE MARTIN, Applicant








ON APPLICATION FOR A WRIT OF HABEAS CORPUS


CAUSE NO. CR00034 IN THE 102
ND JUDICIAL DISTRICT COURT


FROM RED RIVER COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court this application for writ of habeas corpus. Ex parte
Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of retaliation and
sentenced to six years' imprisonment. 

 Applicant contends that he was denied due process in the parole revocation process, because
he was denied the opportunity to confront and cross-examine adverse witnesses, and because he
never received written notification of the evidence relied on and reasons for revoking parole. See 



Morrissey v. Brewer, 408 U.S. 471, 489 (U.S. 1972). The State has not responded to Applicant's
allegations, and the trial court has not entered findings of fact and conclusions of law.

 Applicant has alleged facts that, if true, might entitle him to relief. In these circumstances,
additional facts are needed. As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim.
App. 1997), the trial court is the appropriate forum for findings of fact. The trial court may use any
means set out in Tex. Code Crim. Proc. art. 11.07, § 3(d). In the appropriate case, the trial court
may rely on its personal recollection. Id.

 If the trial court elects to hold a hearing, it shall determine whether Applicant is indigent. If
Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an
attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact as to whether Applicant was afforded the
opportunity to confront and cross-examine witnesses against him at the parole revocation hearing,
or whether the revocation was had solely on the arrest report of a police officer who was not present
at the hearing. The trial court shall make findings as to whether the hearing officer made a written
statement as to the evidence relied on and reasons for revoking Applicant's parole, and if so, the trial
court shall supplement the habeas record with a copy of such statement. The trial court shall also
make findings as to whether Applicant was ever provided a copy of any such statement. The trial
court shall also make any other findings of fact and conclusions of law that it deems relevant and
appropriate to the disposition of Applicant's claim for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. If any continuances are granted, a copy of the
order granting the continuance shall be sent to this Court. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be returned to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 

Filed: February 21, 2007

Do not publish